DUPRIS, C.J.

Summary

This matter came before the Court of Appeals upon an Interlocutory Appeal filed by Elizabeth Fry (Appellant), Guardian Ad Litem (GAL) in civil custody case of Krystal Bernard v. Lewis Adolph III, Tribal Court case number CV-CU-2012-35087, against the Colville Tribal Court. Ms. Fry alleges the Trial Court erred in not allowing her to act as the legal representative of the minors in the above-referenced case. Appellant alleges she was not allowed to make an opening statement, cross-examine witnesses, or otherwise participate as a party representative.
Appellant alleges three (3) grounds for granting an interlocutory appeal: “[1] the Trial Court has committed an obvious error which would render further proceedings useless; or [2] The issue presented involves a controlling issue of law as to which there is substantial ground for dif- *173 ferenee of opinion and that an intermediate appeal from the decision may materially advance the ultimate resolution of the litigation; or [3] the Trial Court has so far departed from the accepted and usual course of judicial proceedings as to call for review by the COA....”
Judge Sophie Nomee, on behalf of the Colville Tribal Court (Appellee), and the Colville Tribes’ Office of Reservation Attorney (ORA)[1] filed a request to deny the appeal and objections to the appeal, respectively. Appellee Court argues that the duties of a GAL do not include representation as an advocate for the minors unless specifically stated in the Order Appointing GAL, and this was not done in the Order herein. The ORA argues that the case is a private civil custody proceeding and, as such, the Court should not be named a party. ORA argues that both parties in the civil action are represented by attorneys and if one disagrees with the ruling, that party should appeal.
Based on the reasoning below the interlocutory appeal is denied.

Discussion

Interlocutory Appeals are an exception to the normal rules of appeals. Cl HA v. Edwards, 11 CCAR 54 (2014). The Chief Justice has broad discretion do accept or deny an interlocutory appeal. COACR 12-A(a).[2] An exception to the normal rules of appeal should be closely guarded and limited so that such appeals do not interfere with the regular administration of justice at the trial level.
The first question that must be answered in this case is whether Appellant has standing to file the appeal in that she is not a named party in the original action. Appellant rests her appeal on the fact that she was appointed as GAL by Order Appointing Guardian Ad Litem (GAL Order) dated December 17, 2013, signed by then Chief Judge Jordan. She asserts this GAL Order gives her the responsibility to represent not only the minors’ best interests, but to act as their legal advocate, too. A review of the GAL Order does not sustain this argument.
The GAL Order sets out the GAL’s responsibilities regarding investigation and reporting to the Court on what is in the best interests of the minors. It sets out the attorneys’ responsibilities to keep the GAL informed and included in all aspects of the case so that the GAL may make a reasoned recommendation to the Court on what is in the best interests of the minors. It states in one place that the GAL may not retain an attorney without the prior approval of the Court and notice to the parties. One assumes this refers to an attorney for the minors.
A GAL is a friend of the Court; she is an advisor to the Court on what is in the best interests of the minors. She investigates, reports, and recommends as an objective witness. An attorney for the minors would have the obligation to represent the wishes of the minors; a GAL has the obligation to represent the minors’ best interests no matter the wishes of the minors, or even the wishes of the parties. These are fine distinctions.
*174 Appellant has not met the burden of showing how she is a party to the action. Her interlocutory appeal is more of a collateral attack on the Trial Court’s decisions on how to conduct the hearings. There is nothing in the record that shows the Trial Court committed an obvious error of law or departed from the usual course of proceedings. Appellant has not shown this Court that there is violation of a substantive nature which necessitates an immediate review by this Court.
In conclusion, reasonable minds may differ. There is nothing in the law that would restrict the Trial Court’s discretion to allow a GAL to act as a legal advocate for the minors. In this case, however, the Trial Court has decided not to do so. An adverse ruling does not automatically make it a wrong ruling. The Interlocutory Appeal is denied.
It is so ORDERED. This matter is remanded to the Trial Court for action consistent with this Order.

. As a matter of courtesy I reviewed ORA’s pleadings, although it did not file a Notice of Appearance (NOA) on behalf of the Trial Court. The failure to file the NOA in a case where it isn't a party is an oversight which I will assume was due to the unique nature of this case and will not happen again.

. Even though the Rules give this broad discretion to the Chief Justice, because of the unusual way this matter was appealed, i.e. the appellant is not a named party to the original cause of action and she has named the Trial Court as the appellee, the Chief Justice consulted with all the members of the Court of Appeals before rendering this decision.